BARFIELD, Judge.
Mark Oden, William Runyon, and Gary Botto appeal their sentences on remand[1] for offenses which arose out of a prison riot, asserting that the trial court’s reasons for departure from the recommended guidelines sentences were not “clear and convincing”. We agree and reverse.
We reject the State’s contention that the issue is not whether the reasons for departure are valid, because appellants agreed not to object to the sentences as long as they were less than 12 years, and that appellants are here attempting to repudiate their plea bargains. The state’s brief in the prior appeal of this cause[2] made no mention of the position taken in this appeal (i.e., that the plea bargain supports devia *65 tion from the guidelines for up to 12 years without further reasons needed). The record does not indicate that the trial court understood this to be the plea agreement, either at the original sentencing proceeding or at the resentencing.
The state has made no argument in this appeal regarding the validity of the reasons for departure enunciated by the trial court. Given the recent Florida Supreme Court restrictions on those factors which may be found by the appellate courts to support departure from sentencing guidelines, we find that none of the reasons enunciated by the trial court are valid.
The sentences are REVERSED and the cause REMANDED for resentencing within the guidelines. On resentencing, appellants are entitled to credit for any time they may have been held in prison awaiting resentencing on the instant convictions after they had completed serving their sentences on the prior convictions.
SMITH and JOANOS, JJ., concur.

. Appellants pled guilty to attempting to cause a riot, throwing deadly missiles, and burglary, and elected guidelines sentencing. A condition of the pleas was that appellants would not object to justified departure sentences which did not exceed 12 years imprisonment consecutive to the sentences currently being served.
The trial judge stated that he was deviating from the recommended range and gave oral, but not written reasons for the departure. On appeal, the sentences were vacated and the cause remanded for resentencing because of the trial court’s failure to provide a contemporaneous written statement of the reasons for departure. Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1984), affirmed, State v. Oden, 478 So.2d 51 (Fla.1985).

. See footnote 1.