505 So.2d 537 (1987)
STATE of Florida, Appellant,
v.
Bruce DAUGHTRY, Appellee.
No. 4-86-2412.
District Court of Appeal of Florida, Fourth District.
April 1, 1987.
Rehearing and Certification Denied April 16, 1987.
*538 Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Amy L. Diem, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
DOWNEY, Judge.
The state appeals the sentence imposed upon appellant, Bruce Daughtry, because it deviates downward from the sentencing guidelines without clear and convincing reasons. We reverse and hold that the departure is not based upon clear and convincing reasons for a guidelines departure as required by law.
Daughtry was tried and convicted of five counts of robbery without a firearm. It appears that he had two prior robbery convictions, making a total of seven robbery convictions, and one non-robbery felony conviction. The recommended sentencing range under the guidelines was twelve to seventeen years; however, the trial judge departed therefrom downward and sentenced Daughtry to five years in prison on one count, five years in prison on another count to run concurrent with the prior five-year sentence, two years' community control to run consecutive to the foregoing five-year sentence, ten years' probation to run consecutive to the community control sentence, and ten years' probation to run concurrent with the prior probation sentence. Furthermore, the trial court specified a number of special conditions to be effective during the periods of community control and probation.
In a very comprehensive written sentencing order the trial judge stated that, after extensive discussions with the counsel for the state and defendant, the defendant's former mother-in-law, and his treating psychologist, he concluded that downward departure from the guidelines was indicated. His written reasons for departure, are set forth in the margin.[1]
At this point we feel constrained to say that the trial judge went to considerable *539 lengths to pattern a sentence that comported with the punishment requirement of sentencing and one that would also contribute to the prisoner's rehabilitation. In fact, absent the sentencing guidelines, the sentence imposed might well be looked upon as enlightened. Nevertheless, as stated by Justice Rosemary Barkett in Whitehead v. State, 498 So.2d 863 (Fla. 1986), citing Chapter 82-145 § 1, Laws of Florida (1983):
The guidelines were intended to eliminate "unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense-related and offender-related criteria and in defining their relative importance in the sentencing decision... ."
Id. at 865. While recognizing that trial judges retain a certain amount of discretion (the parameters of which are somewhat amorphous) in deviating from a recommended sentence, it remains a fact that the reasons must be clear and convincing. We feel confident that fashioning a sentence that keeps the defendant longer under "judicial control" than provided for in the guidelines would not be viewed as an acceptable reason for departure. There is no record support for the finding that the defendant will have strong family support upon completion of his incarceration and in any event such reason, standing alone, will not justify a departure herein. Neither do we believe that the finding that a defendant is a constructive contributor to society between bouts with the law is a reason for departure. We do not mean to treat this reason lightly because we realize the trial court sees Daughtry as a worthwhile citizen when he is not under the influence of cocaine. On the other hand, the fact that all of Daughtry's problems stem from his addiction to the use of cocaine and alcohol and that he was high at the time of the commission of each crime may justify a downward departure from the recommended guideline sentence. Barbera v. State, 505 So.2d 413 (Fla. 1987). Therefore, since we have both valid and invalid reasons for the departure, the sentence must be reversed and the case remanded for resentencing as we are unable to determine beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985); State v. Young, 476 So.2d 161 (Fla. 1985).
Accordingly, we reverse the sentence appealed from and remand the cause to the trial court for resentencing.
REVERSED AND REMANDED, with directions.
HERSEY, C.J., and GUNTHER, J., concur.
NOTES
[1] 1. The testimony of the psychologist who has treated Defendant for the alcohol and cocaine addition that precipitated the commission of the crimes for which he now stands convicted attests to the reality that the subject crimes were committed while the accused was suffering from acute cocaine intoxication.

2. The same psychologist has testified that the Defendant has made an unexpectedly strong recovery from the cocaine addiction and now, although he deserves a term of imprisonment, should such imprisonment exceed five years the continued recovery of the Defendant could be jeopardized.
3. The psychological evaluation of the defendant demonstrates to the Court that the defendant, as has been the case in the past when not under the influence of cocaine, is a constructive contributor to general society and to his family.
4. Defendant's former mother-in-law has attested to the strong family support available for Defendant after he has served a term of imprisonment.
5. Sentencing pursuant to guidelines would result in a shorter term of judicial control than now imposed by the court, thereby removing from the Defendant the certainty of return to prison for an extremely long period of time should he fail to refrain from substance abuse, whether such substance be cocaine, alcohol or any other chemical not prescribed by a licensed medical or osteopathic physician.