515 So.2d 1051 (1987)
The STATE of Florida, Appellant,
v.
George WILLIAMS and James Smith, Appellees.
No. 86-3056.
District Court of Appeal of Florida, Third District.
November 24, 1987.
*1052 Robert A. Butterworth, Atty. Gen., and Nancy C. Wear, Asst. Atty. Gen., for appellees.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, John H. Lipinski and David Markus, Sp. Asst. Public Defenders, for appellant.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
BASKIN, Judge.
The state challenges the sentences imposed on defendants George Williams and James Smith for burglary of a conveyance and second degree grand theft. It argues that the sentences of 90 days incarceration for each defendant imposed in lieu of the guidelines recommended sentence of seven to nine years for Williams and five and a half to seven years for Smith are unsupported by clear and convincing reasons. Defendants answer that their guilty pleas were entered in response to the trial court's offer to depart from the presumptive sentences and, they maintain, that the court's agreement constitutes a clear and convincing reason to support a downward departure.[1] Finding the trial court's reasons inadequate to justify departure, we reverse and remand for resentencing.
The court's reasons for departure are:
(For Williams)
1. The credibility of the victim is questionable due to his e[x]tensive felony conviction record.
2. The property was recovered resulting in no loss to the victim.
3. The conduct did not threaten serious physical harm to another.
4. The probability that the Defendant would return to the community and lead a crime[-]free life.
5. The Defendant was extremely remorseful.
6. The Defendant had been confined for a considerable period of time prior to sentencing.
7. The Defendant created no problems while in jail pending trial.
8. Each of the above reasons individually justif[ies] the departure from the guideline on this plea of guilty to the Court.
(For Smith):
Having been advised of the facts and circumstances of this Cause through proffers of counsel for the State and Defendant, the Court believes that the prior Felony record of the alleged victim would create fatal credibility problems in a jury trial setting. The Court finds clear and convincing reasons to deviate from the recommended guideline sentence because the Court does not believe the State could prevail in a jury trial.
It further appears to the Court that the Defendant was acting under the influence and control of the Co-Defendant.
The reasons given by the trial court are not clear and convincing grounds for departure. See Viera v. State, 490 So.2d 1332 (Fla. 3d DCA 1986) (reasons are too cursory to support departure); State v. Wright, 473 So.2d 268 (Fla. 1st DCA 1985), review denied, 484 So.2d 10 (Fla. 1986). Cf. Hankey v. State, 485 So.2d 827, 828 (Fla. 1986) ("Economic hardship on the victim can never constitute a clear and convincing reason to support departure."); NcNealy v. State, 502 So.2d 54 (Fla. 2d DCA 1987) (hypothesis that defendant is threat to society solely based on prior record not a valid reason for departure); Brooks v. State, 490 So.2d 173 *1053 (Fla. 5th DCA 1986) (impermissible to base departure on possibility that "gain time" would reduce sentence); Gibson v. State, 489 So.2d 836 (Fla. 3d DCA 1986) (lack of remorse an invalid ground for departure); State v. Taylor, 482 So.2d 578 (Fla. 5th DCA 1986) (cooperation is not a basis for departure). Furthermore, in Williams v. State, 500 So.2d 501 (Fla. 1986), the supreme court held that "[a] defendant cannot by agreement confer on the court the authority to impose an illegal sentence. If a departure is not supported by clear and convincing reasons, the mere fact that a defendant agrees to it does not make it a legal sentence." Williams, 500 So.2d at 503. Thus, defendants' claim that the plea bargain itself constitutes a clear and convincing reason is without merit.
Although our disposition rests on other grounds, we note that the state correctly points out that at the sentencing hearing the court did not announce the reasons it later expressed in its order, and that the order, signed more than two months after the sentencing, fails to comply with Florida Rule of Criminal Procedure 3.701(d)(11), which requires that "[r]easons for departure shall be articulated at the time sentence is imposed." "[I]t [is] reversible error for the trial court to depart from the guidelines without providing a contemporaneous written statement of the reasons therefore at the time each sentence was pronounced." Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987), citing State v. Oden, 478 So.2d 51 (Fla. 1985), appeal after remand, 502 So.2d 64 (Fla. 1st DCA 1987) (emphasis supplied); see Elkins v. State, 489 So.2d 1222 (Fla. 5th DCA 1986).
For these reasons we reverse the order and remand the cause to the trial court for resentencing unless defendants seek to withdraw their pleas. In that event, the court is directed to grant the request and resume appropriate proceedings.
Reversed and remanded.
NOTES
[1] The record does not include a formal plea agreement; however, the transcript contains the trial court's reference to an agreement: "I will accept the plea just to move along, which is not a reason." The record also indicates some confusion as to whether the state consented to defendants' pleas.