516 So.2d 1058 (1987)
The STATE of Florida, Appellant,
v.
Robert THOMAS a/k/a Robert Johnson, Appellee.
Nos. 86-2858, 86-2864.
District Court of Appeal of Florida, Third District.
December 15, 1987.
*1059 Robert A. Butterworth, Atty. Gen. and Debora J. Turner, for appellant.
Bennett H. Brummer, Public Defender and Thomas G. Murray, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The state appeals from a downward departure from the sentencing guidelines. Upon his apprehension with the spoils of a body shop burglary, Johnson was found to have a minute amount of cocaine in his possession. Pursuant to a plea bargain with the court to which the prosecution objected, Johnson pled nolo to charges of second degree grand theft and possession of cocaine and was sentenced to concurrent sentences of a year and a day in the state prison, although the sentencing guidelines computation yielded a recommended range of 3 1/2 to 4 1/2 years on each charge. The grounds later memorialized by the trial judge for the deviation were as follows:
(1) defendant's history of drug problems;
(2) defendant's physical infirmity (blind in one eye);
(3) defendant's forthrightness with the court;
(4) defendant's potential for rehabilitation;
(5) the circumstantial nature of the grand theft charge in 86-14004; and
(6) the "residue" amount of cocaine in 86-14004.
The state appeals and we reverse.
None of the first five grounds asserted by the trial court is a valid basis for a downward departure from the guidelines. See Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985); Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984), approved, 476 So.2d 161 (Fla. 1985) (ground 1); State v. Bentley, 475 So.2d 255 (Fla. 5th DCA 1985) (ground 3); State v. Peters, 500 So.2d 704 (Fla. 1st DCA 1987) (ground 4); State v. Wright, 473 So.2d 268, 269 (Fla. 1st DCA 1985), review denied, 484 So.2d 10 (Fla. 1986) (ground 5).[1] While the amount of cocaine would serve as a conceivable basis for the downward departure as to that charge, State v. Villalovo, 481 So.2d 1303 (Fla. 3d DCA 1986), this has no effect on the recommended sentence on the grand theft count, which was imposed concurrently, Fla.R.Crim.P. 3.701(d) (highest guidelines computation as to multiple charges is applicable), and thus upon the case as a whole. For these reasons, the possible propriety of a departure on the possession charge alone has no effect on the sentence before us.
There are therefore no grounds to sustain the sentence now under review. Since the plea seems to have been negotiated in reliance on the proposed sentence, the defendant should be afforded an opportunity, after remand, to withdraw the plea. State v. Williams, 515 So.2d 1051 (Fla. 3d DCA 1987); State v. Johnson, 512 So.2d 1116 (Fla. 3d DCA 1987). If he does not, he shall be sentenced in accordance with the guidelines.
Reversed and remanded with directions.
NOTES
[1] While no court has been previously called upon to rebut the quite obviously insufficient statement in ground 2 that a defendant may be entitled to a lesser sentence because he is blind in one eye, let this one serve as the first.