520 So.2d 328 (1988)
The STATE of Florida, Appellant,
v.
Francisco MESA, Appellee.
No. 87-2271.
District Court of Appeal of Florida, Third District.
March 1, 1988.
Robert A. Butterworth, Atty. Gen., and Debora J. Turner, Asst. Atty. Gen., for appellant.
Richard A. Moore, Miami, for appellee.
Before HENDRY, NESBITT, and JORGENSON, JJ.
JORGENSON, Judge.
The state appeals from an order of the trial court sentencing Mesa to three years' probation. Mesa pled nolo contendere to one count of possession and one count of selling cocaine. The presumptive guidelines sentence was community control or twelve to thirty months' incarceration. The trial court based its downward departure on the following reasons: (1) the comparatively small amount of the drug involved; (2) the support of Mesa's family and friends in his drug rehabilitation; and (3) the fact that Mesa's commission of the *329 crime was partially attributable to his drug addiction.
Because the quantity of drugs involved in a crime is not a valid reason for departure, Atwaters v. State, 519 So.2d 611 (Fla. 1988), the sentence cannot stand on the first reason. The second reason for departure, that Mesa has the support of family and friends in his drug rehabilitation, is unsupported by the record and, without more, cannot justify a departure sentence. State v. Daughtry, 505 So.2d 537, 539 (Fla. 4th DCA), rev. dismissed, 511 So.2d 999 (Fla. 1987). The final reason, that Mesa's drug addiction may have caused him to commit the crime, may justify a downward departure. Barbera v. State, 505 So.2d 413, 414 (Fla. 1987); Daughtry.
Because there are two invalid reasons and one valid reason given for the departure sentence, we reverse Mesa's sentence and remand the case to the trial court for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
We are cognizant of Felts v. State, No. BJ-413 (Fla. 1st DCA Jan. 14, 1988), and acknowledge that the result reached in the instant case is contrary to Felts. The Felts court engaged in a lengthy analysis of section 921.001(5), as amended by chapter 87-110, section 2, and concluded that regardless of whether the amendment were construed "as merely a clarification of the legislative intent, or as a change in the law," it would not violate the constitutional ex post facto prohibition and would apply to all cases pending after July 1, 1987. We are persuaded that the views expressed by Judge Zehmer in his Felts dissent correctly interpret the amendment to the sentencing guidelines as a substantive change in the law. We note that the second district has concluded that the 1987 amendment is inapplicable to crimes committed prior to July 1, 1987. Hoyte v. State, 518 So.2d 975 (Fla.2d DCA 1988). In so deciding, the court apparently considered the amendment procedural in nature.[1] We join the first district in certifying the following question as one of great public importance:
WHETHER THAT PORTION OF CHAPTER 87-110, LAWS OF FLORIDA, WHICH AMENDS SECTION 921.001(5), FLORIDA STATUTES, IS APPLICABLE TO APPELLATE REVIEW OF SENTENCES IMPOSED FOR OFFENSES WHICH WERE COMMITTED PRIOR TO JULY 1, 1987.
Reversed and remanded.
NOTES
[1] We do not address the secondary constitutional issue implicit in section 921.001(5) as amended by chapter 87-110, section 2, regarding the legislature's authority to invade the province of appellate courts by mandating the disposition of sentencing departure cases, because we conclude that the instant case is controlled by Albritton v. State, 476 So.2d 158 (Fla. 1985).