523 So.2d 178 (1988)
The STATE of Florida, Appellant,
v.
Johnny WILSON, etc., Appellee.
No. 87-2590.
District Court of Appeal of Florida, Third District.
April 5, 1988.
*179 Robert A. Butterworth, Atty. Gen., and Yvette R. Prescott, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and William A. Meadows, Jr., Special Asst. Public Defender, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
The state appeals the trial court's downward departure from the sentencing guidelines. We reverse.
The defendant entered a plea of nolo contendere to one count of robbery with a deadly weapon, two counts of kidnapping with a weapon, and two counts of robbery with a firearm. The trial judge accepted the plea and adjudicated the defendant guilty. Over the state's objection, the defendant was sentenced to seven years incarceration for each offense and three years minimum, mandatory incarceration for the use of a firearm in the commission of a felony, all of which were to run concurrently. This sentence was below the recommended guidelines range of nine to twelve years. Although the deviation from the guidelines was entered without an explicit, written reason, the transcript of the sentencing hearing reveals that the trial judge felt that punishment under the guidelines was severe and that the defendant's criminal record was related to his untreated drug abuse problem. The judge recommended that the defendant serve his prison term at an institution where a drug counseling and rehabilitation program was available.
The case must be remanded for sentencing consistent with Florida Rule of Criminal Procedure 3.701(d)(11) which requires the judge to submit a written statement reciting the reasons for the departure sentence. See Burke v. State, 483 So.2d 404 (Fla. 1985); State v. Jackson, 478 So.2d 1054 (Fla. 1985). While, the trial judge's disagreement with the proposed sentence under the guidelines is an invalid reason for departure, Scott v. State, 508 So.2d 335 (Fla. 1987); Chenard v. State, 510 So.2d 363 (Fla.3d DCA 1987), drug dependency may be a clear and convincing reason to mitigate a recommended sentence, see Barbera v. State, 505 So.2d 413 (Fla. 1987).
Accordingly, the sentence is reversed and remanded for a written order explicitly setting forth appropriate grounds for deviation.
Reversed and remanded.