524 So.2d 1114 (1988)
STATE of Florida, Appellant,
v.
Marta Jean WHITTEN, Appellee.
No. 87-2883.
District Court of Appeal of Florida, Fourth District.
May 11, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellant.
No appearance for appellee.
GUNTHER, Judge.
We reverse and remand for resentencing.
The trial court sentenced appellant to a split sentence (18 months' prison followed by 3 years' probation) which included an incarceration period of less than the recommended minimum for the crimes (4 1/2 to 5 1/2 years in prison). We agree with the State's contention that this sentence constitutes a downward departure from the recommended guidelines sentence. See Fla.R. Crim.P. 3.701(d)(12), Committee Note (d)(12) (1983). Since this sentence constitutes a downward departure, upon remand the trial court must give a written reason for such departure. State v. Chaney, 514 So.2d 436, 437 (Fla. 4th DCA 1987).
The record in the instant case indicates that the trial court very carefully considered appellee's sentence and would have relied on substance abuse as a clear and convincing reason for departure had he not thought the sentence he imposed was within the guidelines. However, since the trial court did not consider the sentence a downward departure, no written reasons were given. Upon remand the trial court is to provide written reasons for departure. However, the court may rely on the previously stated reason of substance abuse as a clear and convincing reason for departure. See Barbera v. State, 505 So.2d 413 (Fla. 1987).
REVERSED AND REMANDED FOR RESENTENCING.
ANSTEAD and GLICKSTEIN, JJ., concur.