525 So.2d 434 (1988)
The STATE of Florida, Appellant,
v.
Leon McCLUSTER, Appellee.
No. 87-56.
District Court of Appeal of Florida, Third District.
March 29, 1988.
On Rehearing May 24, 1988.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
The State of Florida has appealed from the sentence imposed upon the defendant herein, alleging the trial court erred in departing downward from the sentencing guidelines based upon the quantity of drugs in the defendant's possession at the time of the offense. The Supreme Court recently held in the case of Atwaters v. State, 519 So.2d 611 (Fla. 1988), that the quantity of drugs may not be utilized as a proper reason to support departure from the sentencing guidelines. Therefore, we reverse the order appealed on the authority of Atwaters v. State, supra, and remand this cause to the trial court for resentencing.
Reversed and remanded.

OPINION ON REHEARING
PER CURIAM.
The petition for rehearing by the appellee correctly points to the record which demonstrates that his guilty plea was in exchange for an adjudication of guilt and a $250 fine. This agreement was worked out with the court over the state's objection. We therefore grant the petition for rehearing and recede from so much of our prior opinion that returned the matter to the trial court for resentencing. The matter will be returned to the trial court to give the defendant the option to withdraw his guilty plea and go to trial or to be sentenced upon a plea of guilty in accordance with the sentencing guidelines.
Reversed and remanded with directions.