528 So.2d 404 (1988)
The STATE of Florida, Appellant,
v.
Stephen SALONY, Appellee.
No. 87-2589.
District Court of Appeal of Florida, Third District.
May 24, 1988.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellee.
Before NESBITT and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
We affirm the trial court's concurrent sentences of five and seven years which departed from the recommended guideline sentence of twelve to fifteen years. The trial court's finding that the defendant suffers from an obvious and chronic drug abuse problem which caused him to commit the crimes for which he was being sentenced and past crimes which were calculated into his sentencing scoresheet is a sufficient reason to justify a downward *405 departure from a recommended sentence. Barbera v. State, 505 So.2d 413 (Fla. 1987); State v. Wilson, 523 So.2d 178 (Fla. 3d DCA 1988); State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988); State v. Daughtry, 505 So.2d 537 (Fla. 4th DCA 1987). This court's holding in State v. Thomas, 516 So.2d 1058, 1059 (Fla. 3d DCA 1987), that the stated ground of the "defendant's history of drug problems" is not a valid reason for a downward departure does not, contrary to the State's contention, control the present case. First, in reaching its holding, Thomas relied on Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985), and Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984), approved on other grounds, 476 So.2d 161 (Fla. 1985), both of which held that drug dependency is not a valid reason for departing upwards from a recommended guideline sentence. However, as Barbera later made clear, the holdings of Vance and Young are not support for the converse proposition announced in Thomas that substance abuse is not a valid reason for departing downward from a recommended guideline sentence. Second, unlike the present case, there is no indication in Thomas that (a) the "defendant's history of drug problems" was in any way related to the crimes for which he was being sentenced or any prior crimes for which he received points on the guideline scoresheet or (b) the drug "problems" were problems of dependency and abuse.[1]
The sentencing order under review is, accordingly,
Affirmed.
NOTES
[1] In the present case the trial court's detailed, albeit single-theme, order recited in pertinent part:

"1. The Court finds after carefully considering the facts and circumstances surrounding the Defendant's arrest and subsequent pleas of guilty to three (3) separate informations charging him with robbery with a weapon that the Defendant has an obvious and chronic substance abuse problem.
"2. The Defendant had previously been placed on probation by this Court on November 12, 1986, pursuant to pleas of guilty to the offense of robbery. This Defendant previously plead [sic] guilty in case numbers 86-23956 and 86-23957 to the robbery of a Farm Store convenience store. After careful review of the facts and circumstances surrounding those arrests and after carefully reviewing the facts and circumstances surrounding the Defendant's arrest in the 1987 cases, where the Defendant is charged with robbing Farm Stores convenience stores, implying he had a firearm, it is apparent, that the Defendant is carrying out those acts to support a chronic substance abuse problem.
"3. [T]his Defendant was evaluated pursuant to his request under F.R.C.P. 3.216(a) by Doctors Mary Haber, Michael Rappaport and David Rothenberg. All three of these doctors, have indicated that he has an obvious and chronic substance abuse problem and but for the desire to satisfy his need, would not have carried out these acts.
"4. The Court further finds that the sentencing guidelines which call for a sentencing range of twelve (12) to seventeen (17) years is a bit extreme in light of the Defendant's severe drug abuse history."