HERSEY, Chief Judge.
The state appeals a downward departure from the sentencing guidelines. We reverse.
Pursuant to a plea bargain with the court, the defendant pled guilty to possession of cocaine and was sentenced to three years’ probation although the recommended guidelines range was 2% to 3V2 years’ imprisonment. The prosecution objected to the downward departure. The small quantity of drugs involved and the fact that the defendant was a “substance abuser” were the reasons stated for the departure.
The first reason for departure is invalid. See Atwaters v. State, 519 So.2d 611 (Fla.1988) (quantity of drugs involved in crime may not be used as reason to depart from guidelines). Moreover, since the record on appeal fails to reflect the amount of cocaine which the defendant possessed, we find a complete lack of any factual basis to support this reason. See State v. Mischler, 488 So.2d 523 (Fla.1986) (facts supporting reasons for departure must be credible and proven beyond a reasonable doubt).
The second reason could conceivably support departure, see Barbera v. State, 505 So.2d 413 (Fla.1987), but again there were no facts in evidence which supported the reason. The defendant’s mere possession of contraband cannot justify a conclusion that he is a “substance abuser.”
We find no grounds to sustain the sentence. Since the guilty plea was negotiated in reliance on the proposed sentence the defendant should be afforded an opportunity on remand to withdraw his plea. If he does not withdraw his plea he shall be sentenced pursuant to the guidelines. See State v. Thomas, 516 So.2d 1058 (Fla. 3d DCA 1987).
REVERSED.
DELL and WALDEN, JJ., concur.