536 So.2d 356 (1988)
The STATE of Florida, Appellant,
v.
Timothy FORBES, Appellee.
No. 87-3028.
District Court of Appeal of Florida, Third District.
December 27, 1988.
*357 Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal by the state from a one-year county stockade sentence for sale and possession of cocaine. The state's sole point on appeal is that the trial court erred in departing downward from the sentencing guidelines range of 2 1/2 to 3 1/2 years imprisonment because the two reasons given by the trial court for such departure were invalid. These two reasons were (1) the defendant's motivation to be rehabilitated, and (2) the small amount of cocaine sold and possessed. We affirm based on the following briefly stated legal analysis.
First, it is clear that the defendant's motivation to be rehabilitated constitutes a valid ground for departing downward from the sentencing guidelines. In the instant case, the record reveals that the defendant is strongly motivated to rehabilitate and overcome his cocaine habit and that his chances for doing so are excellent. Consequently, the trial court did not abuse its discretion in departing from the sentencing guidelines and in sentencing the defendant to one year in the county stockade so that he could participate in a drug rehabilitation program conducted at the stockade. State v. Sachs, 526 So.2d 48 (Fla. 1988); State v. Morales, 522 So.2d 464, 465 (Fla. 4th DCA 1988); State v. Glasper, 506 So.2d 480 (Fla. 4th DCA 1987); State v. Rodriguez, 496 So.2d 240 (Fla. 3d DCA 1986); State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985).
Second, we agree that the small amount of cocaine involved in this case was an insufficient reason for departing from the sentencing guidelines. Atwaters v. State, 519 So.2d 611 (Fla. 1988); State v. McCluster, 525 So.2d 434 (Fla. 3d DCA 1988). A departure sentence, however, must be upheld where, as here, "at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure." § 921.001(5), Fla. Stat. (1987). The aforesaid statute abrogates the contrary ruling in Albritton v. State, 476 So.2d 158 (Fla. 1985), as to sentences imposed for offenses committed, as here, after the effective date of the statute: July 1, 1987. This being so, the invalid reason for departure from the sentencing guidelines in this case cannot affect the validity *358 of the said departure, given the valid reason for departure previously discussed.
AFFIRMED.