538 So.2d 94 (1989)
The STATE of Florida, Appellant,
v.
Suzanne BLEDSOE, Appellee.
No. 87-2753.
District Court of Appeal of Florida, Third District.
February 7, 1989.
Robert A. Butterworth, Atty. Gen., and Margarita Muina Febres, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
The state appeals from a downward departure from the sentencing guidelines. We reverse and remand.
The defendant was charged in six cases involving various counts of grand theft as well as other charges. Her sentencing guidelines scoresheet showed a presumptive sentence of twelve to seventeen years. The trial court, in exchange for a guilty plea, negotiated with the defendant a five-year sentence in state prison with the condition that the defendant attend a drug rehabilitation program. The state did not participate in the plea agreement. The trial court did not include a written statement of its reasons for mitigating the sentence. However, in oral pronouncements, the court stated that "[t]he court did deviate because it is clear that she has a drug problem. All her problems originated because *95 ... she has a drug problem." The state now appeals.
We disagree with the state's contention that drug dependency is not a valid reason for downward departure from the sentencing guidelines. Barbera v. State, 505 So.2d 413 (Fla. 1987); State v. Salony, 528 So.2d 404 (Fla. 3d DCA), review denied, 531 So.2d 1355 (Fla. 1988); State v. Whitten, 524 So.2d 1114 (Fla. 4th DCA 1988); State v. Wilson, 523 So.2d 178 (Fla. 3d DCA 1988).
However, as the state contends, and the defendant concedes, the trial court erred in not entering a written order delineating its reason for departure. Consequently, the sentence must be vacated and the case remanded for entry of such a written order. State v. Jackson, 478 So.2d 1054 (Fla. 1985); State v. Adams, 528 So.2d 548 (Fla. 3d DCA 1988); State v. Frederick, 525 So.2d 491 (Fla. 3d DCA 1988); § 921.001(6), Fla. Stat. (1987); Fla.R.Crim. P. 3.701(b)(6) and 3.701(d)(11). Upon remand, the court may rely on the defendant's drug dependency as a clear and convincing reason for departure.
Reversed and remanded with directions.