PER CURIAM.
This is an appeal by the defendant Kimberly Brown from (a) an order revoking the defendant’s probation, and (b) a sentence of five years imprisonment imposed thereafter. The sole point on appeal is that the five-year sentence was in error because it was based on the defendant’s thirteen misdemeanor convictions for which, it was alleged, the defendant was not represented by counsel; it is urged that if the sentencing guidelines score for these convictions were eliminated, the maximum sentence the defendant could receive under the sentencing guidelines was four and a half-years imprisonment.
We reject this contention and affirm for two reasons. First, the defendant agreed to the aforesaid five-year sentence as part of a valid plea bargain and cannot now complain about the sentence on appeal; it is, of course, conceded that the sentence imposed was below the statutory maximum set for the crimes on which the defendant stands convicted. Smith v. State, 529 So.2d 1106, 1107 (Fla.1988); Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988); Holland v. State, 508 So.2d 5, 6 (Fla.1987). Second, no evidentiary showing was made below that the defendant had no counsel for the above-mentioned thirteen misdemeanor convictions; defense counsel merely claimed this to be the case during his argument to the court below. Such assertions cannot take the place of proper documentary or testimonial evidence. Price v. State, 519 So.2d 76, 78 (Fla. 2d DCA 1988); Croft v. State, 513 So.2d 759, 761 (Fla. 2d DCA 1987).
AFFIRMED.