543 So.2d 405 (1989)
STATE of Florida, Appellant,
v.
Andrew JOSEPH, Appellee.
No. 88-2582.
District Court of Appeal of Florida, Fourth District.
May 17, 1989.
*406 Robert A. Butterworth, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from an order withholding adjudication of guilt and placing appellee on probation, and an order on a motion to correct an illegal sentence. We reverse and remand.
The appellee, charged in four informations with various charges involving the possession and sale of controlled substances, filed a motion to dismiss the charges based on a freedom of religion claim, which the trial court denied. Appellee entered a plea of nolo contendere. The trial court, over objection by the state, entered the order withholding adjudication of guilt, placed appellee on probation and sentenced appellee to time served. The state filed a motion to correct an illegal sentence claiming that the trial court's order was illegal because: (1) the sentence departed from the guidelines, (2) the order did not provide written reasons for the departure, and (3) the appellee did not present any valid reasons for the departure. The trial court entered an order on the motion that affirmed the departure based on "the small amount of controlled substance involved."
The state argues that the trial court erred in its downward departure from the sentencing guidelines based on the "small amount of controlled substance involved." Appellee does not contest that argument but states that the trial court also considered two other reasons for the sentencing departure: (1) appellee's drug addiction, and (2) appellee's religious beliefs. There was unsworn discussion of the latter at the hearing on appellee's motion to dismiss. The order on the motion to correct an illegal sentence did not cite the above two factors as reasons for the departure. A downward departure from sentencing guidelines without valid written reasons constitutes reversible error. § 921.001(6), Fla. Stat.; Fla.R.Crim.P. 3.701(b)(6); State v. Hernandez, 525 So.2d 493 (Fla. 3d DCA 1988).
Appellee's drug addiction may justify a downward departure from sentencing guidelines. Barbera v. State, 505 So.2d 413 (Fla. 1987); State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988). However, the record must support the conclusion that the appellee has a drug addiction before that may be considered a valid reason for departure. State v. Francis, 524 So.2d 1172 (Fla. 4th DCA 1988). In State v. Salony, 528 So.2d 404 (Fla. 3d DCA 1988), the court found that the record supported the conclusion that the defendant had a drug addiction based on past crimes for which he was convicted and the crime for which he was being sentenced.
We are not prepared to say whether there are circumstances in which a downward departure may be based on the defendant's religious beliefs.
Since the trial court did not state in a contemporaneous writing its reasons for departure from the guidelines sentence, the instant case must be reversed. If the trial court does not believe that a downward departure is justified, the appellee must be given the opportunity to withdraw his plea. See State v. McCluster, 525 So.2d 434 (Fla. 3d DCA 1988).
GLICKSTEIN, POLEN, JJ., and ESQUIROZ, MARGARITA, Associate Judge, concur.