555 So.2d 1288 (1990)
STATE of Florida, Appellant,
v.
Michael L. HERRIN, Appellee.
No. 89-01389.
District Court of Appeal of Florida, Second District.
January 19, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellee.
PARKER, Judge.
The state appeals the trial court's downward departure from the established range under the sentencing guidelines. We reverse.
Herrin pleaded guilty to purchasing cocaine within 1,000 feet of a school in October 1988. Herrin testified that he was addicted to cocaine in 1986 at which time he completed a three-month rehabilitation program. Herrin then testified that at the time he committed the offense, he was having social problems and was depressed. Herrin committed this crime by going to a place where rock cocaine was being sold and then purchasing ten dollars worth of cocaine. He described his actions as "very stupid." Herrin further testified that he had used no cocaine between his rehabilitation in 1986 and the time he committed this crime.
Herrin's sentencing guidelines range was three and one-half to four and one-half years. The trial court, however, sentenced Herrin to two years' community control to be followed by one year probation. In support of its downward departure, the trial court stated: "The Defendant suffered from substance abuse. Barbera v. State, 505 So.2d 413 (Fla. 1987). The Defendant is amenable to rehabilitation, as is evidenced by his voluntary entry into drug treatment. The Defendant will also complete the drug treatment program at Tri-County."
In Barbera v. State, 505 So.2d 413 (Fla. 1987), our supreme court recognized that intoxication or substance abuse can justify a downward departure from the recommended guidelines sentence. The Barbera court stated:

*1289 We do not ... agree with the district court that intoxication or substance abuse cannot be a clear and convincing reason for a downward departure. The defense of intoxication could be used by a jury to justify convicting a defendant of a lesser offense. If a trial court expresses valid reasons for doing so, we see no impediment to using intoxication to mitigate a recommended sentence.
Barbera, 505 So.2d at 413-14.
The supreme court's reasoning is not entirely clear; however, the facts in Barbera may assist with the understanding of the holding. Barbera pleaded guilty to a charge of attempted murder. Barbera had drunk a case of beer before stabbing his victim, and his drunken state was the central factor in a defense-filed psychological report. In interpreting Barbera, other district courts have generally held that a trial court may depart downward from the sentencing guidelines recommendation if intoxication or dependency on drugs or alcohol caused the defendant to commit the crime or was a factor in the commission of the crime. See, e.g., State v. Joseph, 543 So.2d 405 (Fla. 4th DCA 1989); State v. Bledsoe, 538 So.2d 94 (Fla. 3d DCA 1989); State v. Salony, 528 So.2d 404 (Fla. 3d DCA), review denied, 531 So.2d 1355 (Fla. 1988); State v. Wilson, 523 So.2d 178 (Fla. 3d DCA 1988); State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988); State v. Daughtry, 505 So.2d 537 (Fla. 4th DCA), review dismissed, 511 So.2d 999 (Fla. 1987).
The other district courts have not construed the Barbera holding as limited as we believe it should be construed. In our opinion, a defendant must be required to demonstrate more than drug or alcohol dependency or intoxication at the time of the commission of the crime. Otherwise, the sentencing guidelines are meaningless and should be abolished in cases where defendants attempt to attribute their actions to an alcohol or drug abuse problem.
In developing a precise standard of when a Barbera downward departure should apply, we hold that where competent and substantial evidence reflects that alcohol or drugs, or a combination thereof, so clouded the defendant's mind at the time that he committed the crime as to impair his judgment, but without rising to the level of incompetence or insanity, that factor may support a mitigation of the sentence.[*] This approach finds support in this court's case of Smith v. State, 532 So.2d 50 (Fla. 2d DCA 1988), where it was observed:
The court found that Smith's acts were motivated by "an extreme emotional condition." The state suggests that his conduct was carefully devised with full awareness of the possible consequences and that his mental status displays at best a level of "antisocial behavior ... inherently to blame for the commission of every criminal offense." We find ample evidence in the record to support the trial court's finding that Smith's emotional or intellectual state, while not permitting a finding of incompetence or insanity, disclosed psychological problems justifying mitigation.
Smith, 532 So.2d at 53.
Regardless of our disagreement with the courts' liberal interpretation of Barbera, the trial judge's downward departure for this reason cannot be upheld, because the evidence does not support the finding that Herrin was a current drug abuser or that he was impaired at the time he committed the crime. We now turn to the second reason articulated to support the departure.
The trial court also listed that Herrin was "amenable to rehabilitation." In our review, we can find no case in Florida that permits a downward departure for that reason. The case which leans most in that direction is State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988), where the third district held that the defendant's motivation to be rehabilitated was a valid reason *1290 for a downward departure. In Forbes the court found that "the record revealed that the defendant ... [was] strongly motivated to rehabilitate and overcome his cocaine habit and that his chances for doing so ... [were] excellent." Forbes, 536 So.2d at 357. We view that this reason encompassed more than mere amenability to rehabilitation. Our view is buttressed by the fact that prior to the Forbes decision, the third district held that the defendant's history of drug problems and the defendant's potential for rehabilitation were not valid grounds for a downward departure. State v. Thomas, 516 So.2d 1058 (Fla. 3d DCA 1987). Further, in a case subsequent to Forbes, the third district recognized that completion of a court-ordered rehabilitation program did not support a downward departure. State v. Mathis, 541 So.2d 744 (Fla. 3d DCA 1989).
This court has considered rehabilitation a factor in support of a downward departure but only in a very restrictive sense. In State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985), this court approved a downward departure where competent expert evidence presented to the trial court disclosed that the defendant, a combat veteran, suffered from post-traumatic stress disorder which could be remedied by drug rehabilitation and veterans outreach programs. There was no such evidence presented in the instant case which would justify a downward departure. Following a review of the cases which have discussed a downward departure from the sentencing guidelines, we find the trial court's statement that Herrin is amenable to rehabilitation, without more, to be an insufficient reason to support the departure.
For the foregoing reasons, we reverse the trial court's downward departure from the sentencing guidelines and remand for sentencing within the three and one-half and four and one-half year range.
Reversed and remanded.
FRANK, J., concurs.
LEHAN, A.C.J., concurs specially with opinion.
LEHAN, Acting Chief Judge, concurring specially.
I concur in the result but not entirely with the majority opinion. I respectfully write separately regarding drug abuse as a reason for a downward departure.
My reasons for writing separately are outlined as follows and explained further below. First, Barbera v. State, 505 So.2d 413 (Fla. 1987), can be logically interpreted to provide full support for our result, as do certain district court of appeal cases, which is not shown by the majority opinion. Second, the type of impairment by drug abuse which may be a sufficient reason for a downward departure is in my view somewhat different from that described in the majority opinion. Third, attention should be given, I believe, to why there are important, albeit potentially close, distinctions between what type of drug abuse is, and what type is not, a sufficient reason for a downward departure and what those distinctions are.
Whether drug abuse of one type or another may be a sufficient reason for a downward departure is an issue apparently arising with some frequency in the trial courts. The above outlined second and third reasons could be materially significant to a trial court in deciding whether or not there is a valid reason in a particular case for a downward departure.
In Barbera, a case involving alcohol abuse, the supreme court said, as quoted in the majority opinion in this case,
We do not, however, agree with the district court that intoxication or substance abuse cannot be a clear and convincing reason for a downward departure. The defense of intoxication could be used by a jury to justify convicting a defendant of a lesser offense. If a trial court expresses valid reasons for doing so, we see no impediment to using intoxication to mitigate a recommended sentence.
Id. at 413-14. Thus, the supreme court appears to have thought of alcohol intoxication and what it referred to as substance, i.e., drug, abuse as alike, or at least in the same vein, in stating what may be a sufficient reason for a downward departure *1291 from the sentencing guidelines. Accordingly, the kind of drug abuse which may be considered to be a sufficient reason may be determined by analogizing the kind of alcohol abuse  intoxication  which was so considered in that case. What the supreme court meant by intoxication was in effect emphasized in Barbera by the factual recitations that defendant had drunk a case of beer prior to committing the crime and was drunk at the time of the crime. It may, therefore, be concluded that a downward departure was approved in Barbera because defendant's mental faculties were substantially impaired actively by alcohol at the time of the crime and there is a lesser degree of moral culpability on the part of one who commits a crime under those circumstances. This conclusion is consistent with the definition of intoxication which is said to have existed when a defendant "was unable to form the intent necessary to commit the crime charged." Linehan v. State, 476 So.2d 1262, 1264 (Fla. 1985). A perceived lesser degree of moral culpability appears to be the logical underlying rationale for mitigating, as did Barbera, a sentence by reason of defendant's mental faculties having been impaired at the time of the crime and is a rationale which has been used by the supreme court for approving downward departures. See State v. Sachs, 526 So.2d 48, 50 (Fla. 1988). Consistent with Barbera, drug abuse, to be a sufficient reason for a downward departure, should be such that drugs actively produced impairment of a nature like that of alcohol intoxication. To be a sufficient reason drug abuse may not have involved simply a strong desire for drugs leading to the commission of the offense of stealing or purchasing drugs or of another offense to obtain resources with which to purchase drugs.
Similarly, Barbera in my view does not countenance as a reason for a downward departure a type of impairment only consisting of a defendant being a drug addict, i.e., having the disease of drug dependency. There is as much of a difference between being a drug addict and being intoxicated by drugs as there is between being an alcoholic and being intoxicated by alcohol. While the opinion in Barbera shows that defendant in that case was an alcoholic, that opinion did not approve simply alcoholism (or drug addiction/dependency) as a reason for a downward departure. The type of impairment consisting of drug addiction by itself, if it were to be a sufficient reason for a downward departure, would have an underlying rationale which is grounded upon compassion for one in that condition and would be different from that of Barbera referred to above. See State v. D'Alexander, 496 So.2d 1007, 1008 (Fla. 2d DCA 1986) ("A drug dependency is not a sufficiently mitigating circumstance" to justify a downward departure. "It does not ameliorate the level of a defendant's guilt. The need for medical treatment does not justify a departure... .").
It may be argued in rebuttal that a drug addict whose condition has not reached a level like alcohol intoxication may nonetheless be less morally culpable if his desire for drugs is so strong that he cannot control himself. That argument may have merit, at least if there were reliable expert testimony to support it in a given case. But making valid distinctions among addicts whose conditions are not like alcohol intoxication as to which ones could and which ones could not control themselves would seem to be difficult at best. Also, an argument that a defendant who is a drug addict could not control himself may actually be no more than an argument that his decision not to commit the crime would have been extremely difficult. Whether drug addiction/dependency should be a sufficient reason for a downward departure is essentially a policy matter on which reasonable judges can differ. That is hardly unusual for sentencing guidelines issues. There being, as I have concluded, no supreme court ruling approving such a reason alone, I am not inclined to take that step. See D'Alexander.
Accordingly, I conclude that whether a defendant who had abused drugs may properly receive a downward departure sentence on that basis should depend upon whether the evidence showed that the influence of drugs upon him played a directly *1292 active role in his commission of the crime by substantially impairing his mental faculties so as to put him in a condition like that of alcohol intoxication. The description of impairment adopted in the majority opinion as a reason for a downward departure does not appear to require that it be of a nature like alcohol intoxication and does not appear necessarily to exclude simply a strong desire for drugs or drug addiction/dependency. On the other hand, that opinion's prior statement that evidence of more than intoxication is necessary to justify a downward departure is inconsistent with my foregoing interpretation of Barbera.
State v. Daughtry, 505 So.2d 537, 539 (Fla. 4th DCA), review dismissed, 511 So.2d 999 (Fla. 1987) is consistent with this concurring opinion's interpretation of Barbera. In Daughtry the Fourth District said,
[T]he fact that all of Daughtry's problems stem from his addiction to the use of cocaine and alcohol and that he was high at the time of the commission of each crime may justify a downward departure from the recommended guideline sentence. Barbera v. State, 505 So.2d 413 (Fla. 1987). (Emphasis added).
I recognize that there are other district court of appeal opinions which cite Barbera and appear to rely simply upon drug dependency as a sufficient reason for a downward departure. See State v. Martin, 551 So.2d 600 (Fla. 4th DCA 1989); State v. Bledsoe, 538 So.2d 94 (Fla. 3d DCA 1989); State v. Wilson, 523 So.2d 178 (Fla. 3d DCA 1988); State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988). However, those opinions do not reflect whether or not the mental faculties of the drug dependent defendants in those cases had been shown to have been actively impaired by drugs at the times of their commissions of their crimes. Yet I also recognize that State v. Salony, 528 So.2d 404 (Fla. 3d DCA), review denied, 531 So.2d 1355 (Fla. 1988), is directly contrary to the views expressed in this concurring opinion by being particularly explicit in approving simply drug dependency and a desire for drugs as a sufficient reason for a downward departure. See also State v. Joseph, 543 So.2d 405 (Fla. 4th DCA 1989).
As pointed out above, the supreme court in Barbera appears to have thought of the type of drug abuse which may be a sufficient reason for a downward departure as being like alcohol intoxication. This court in Linehan v. State, 442 So.2d 244, 249-50 (Fla. 2d DCA 1983) (en banc) questioned whether alcohol intoxication should lessen a defendant's legal responsibility for a crime, suggesting that, and giving reasons which may be argued why, intoxication should no longer be a defense to any crime. Nonetheless, in that case this court also stated that if intoxication should not be a defense to a crime, "the trial court nonetheless may consider such intoxication, in proper circumstances, as a mitigating factor at sentencing." Id. Cf. Smith v. State, 532 So.2d 50, 53 (Fla. 2d DCA 1988). On review of Linehan the supreme court did not adopt the suggestion of this court and abolish intoxication as a defense in cases involving what are called specific intent crimes but also did not express disagreement with the foregoing quotation from this court's opinion. Linehan v. State, 476 So.2d 1262 (Fla. 1985). In fact, the effect of the supreme court's failure to adopt this court's foregoing suggestion in Linehan was to give even greater mitigating consideration in certain cases to intoxication, which in Barbera appears to have been substantially equated in this context with what Barbera referred to as drug abuse, than this court would have done if the question had then been open.
I do not disagree with the reasons stated in the majority opinion why the trial court's statement that defendant was amenable to rehabilitation was not a valid reason for the downward departure.
NOTES
[*] This court considered Barbera on one previous occasion. See State v. Brackett, 547 So.2d 272 (Fla. 2d DCA 1989). In Brackett, we did not find it necessary to interpret the holding of Barbera because the trial court failed to list reasons as to the application of the Barbera standard.