PER CURIAM.
The defendant pled no contest to the charge of strong arm robbery. His guidelines sentence was between 4½ to 5V2 years. The trial court sentenced him downward from the guidelines to 364 days in jail with the successful completion of Alcohol and Drug Abuse Program at the stockade and further recommended that defendant enter and successfully complete an outpatient drug rehabilitation program. As reasons for departure the trial court indicated:
Defendant is a very serious drug addict (cocaine) — defendant is to go to stockade for rehabilitation/followed by out-patient-treatment. Victim agrees that defendant should be rehabilitated.
At the plea hearing, the state advised the trial court that the defendant had three prior felony convictions “which had been mitigated down because of his drug problem.” [1] The trial judge responded by stating:
I think the defendant is getting older and he will see the light one of these days, and sometimes we just have to work with some people more than others ... and he is not violent ... He is doing this to support a habit, so I am comfortable with the plea....
*130 The state appeals. We affirm. The defendant’s drug addiction and amenability to rehabilitation are proper bases for downward departure. State v. Bledsoe, 538 So.2d 94 (Fla. 3d DCA 1989); State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988).
As a second point on appeal the State raises a complaint that the guidelines scoresheet was not correctly tabulated. Specifically, the State contends that the guidelines scoresheet should have included an additional thirty points for a prior conviction.
We reject this claim. The prosecutor at no time voiced an objection to any error in the score point calculation and the alleged error is not clearly determinable from the record. See Daily v. State, 488 So.2d 532 (Fla.1986); Forehand v. State, 537 So.2d 103 (Fla.1989).
Affirmed.

. There was apparently no proof of such downward departures. Argument of counsel is not evidence. Brown v. State, 538 So.2d 523 (Fla. 3d DCA 1989).