566 So.2d 880 (1990)
The STATE of Florida, Appellant,
v.
Daniel Carver STUTSMAN, Appellee.
No. 90-1014.
District Court of Appeal of Florida, Third District.
September 11, 1990.
Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
The State appeals a downward departure sentence. We affirm.
Defendant Daniel Stutsman pled no contest to two counts of third degree grand theft, each of which was a third degree felony subject to a five year maximum sentence. The guidelines scoresheet yielded a recommended range of twelve to seventeen years imprisonment, and a permitted range of nine to twenty-two years. The court accepted the defendant's plea over the State's objection and sentenced the defendant to two five-year concurrent terms. The court entered a written order for downward departure based on the defendant's addiction to crack cocaine. Although the written order did not so reflect, the trial court recommended drug treatment for defendant while incarcerated.
On this appeal the State challenges the departure order and contends that, pursuant to Branam v. State, 554 So.2d 512 (Fla. 1990), the trial court was obliged to impose consecutive sentences so as to bring the penalty to nine years, the minimum of the permitted range. In support of its argument the State first contends that the sole method for proof of drug addiction is to introduce expert testimony, and that the defendant's own testimony cannot be considered. To the contrary, there is no such proscription, see § 90.601, Fla. Stat. (1989), and no such objection was made below. It is true, as the State contends, that in Barbera v. State, 505 So.2d 413 (Fla. 1987) and State v. Herrin, 555 So.2d 1288 (Fla. 2d DCA), jurisdiction accepted, 560 So.2d 233 (Fla. 1990) (table), expert testimony was offered, but that is not the sole means of proof.[1]
The trial court found, in part, that "Defendant was addicted to crack cocaine and using it daily for three years until his present incarceration... . The crimes in the above styled cases would not have occurred but for defendant's addiction to crack cocaine." The defendant's testimony *881 provided substantial competent evidence to support the finding.[2] Under this court's existing precedents, the factual findings are sufficient to support the downward departure sentence. See cases cited supra note 1.
The State also argues that this court should follow the narrow view of Barbera v. State, which was recently announced by the second district in State v. Herrin. As this court's precedents are to the contrary, see cases cited supra note 1, we affirm the downward departure order but acknowledge express and direct conflict with Herrin.
Affirmed.
NOTES
[1] Downward departure sentences have been approved in a number of cases involving drug dependency in which there was no mention of expert testimony. See, e.g., State v. Fink, 557 So.2d 129 (Fla. 3d DCA 1990); State v. Bledsoe, 538 So.2d 94 (Fla. 3d DCA 1989); State v. Forbes, 536 So.2d 356, 357 (Fla. 3d DCA 1988); State v. Wilson, 523 So.2d 178, 179 (Fla. 3d DCA 1988); State v. Mesa, 520 So.2d 328, 329 (Fla. 3d DCA 1988).
[2] To the extent that the trial court's quotation from State v. Daughtry, 505 So.2d 537, 539 (Fla. 4th DCA), review dismissed, 511 So.2d 999 (Fla. 1987), could be read to constitute a finding that the defendant was intoxicated from the use of drugs during the actual commission of each offense, there is no substantial competent evidence to support that finding, as the defendant did not so testify and there is no other evidence so to indicate.