ANSTEAD, Judge,
specially concurring.
I recognize we are bound by the decision in Baxter. However, I disagree with the holding in Baxter and were I free to do so, would approve the trial court’s well-reasoned order which speaks for itself:
THIS CAUSE, having come before this Court on Defendant’s Motion To Depart Downward From Presumptive Guideline Sentence And to Avoid The Minimum Mandatory Sentence And Sentence Defendant Alternatively Pursuant to F.S. 397.12, and the Court having heard testimony on the matter, reviewed the file, heard arguments of counsel, reviewed the law, and being otherwise duly advised, it is
ORDERED that said motion is hereby GRANTED. The reasons for granting such relief are as follows:
1. The record show Defendant is a forty-nine (49) year old black male with no prior arrest record who purchased one (1) “rock” of crack cocaine for personal use on February 15, 1990. This cocaine was purchased from an undercover Broward Sheriff’s Office Deputy posing as a street level drug dealer who purposely positioned himself within 1,000 feet of Dillard High School. Further, the Court notes that said deputy was selling crack which was manufactured from cocaine in the Broward Sheriff’s Office crime laboratory. The location of this reverse sting has been the site of numerous reverse stings ever since the 1,000 foot schoolyard statute, F.S. 893.12(l)(e), came into effect in 1987.
2. Evidence shows Defendant suffers from substance abuse addictions and was under the influence of alcohol at the time of his arrest. The Court finds Defendant did not have full control over his faculties and was impaired to the extent his judgement was severely compromised. See Barbara [Barbera] v. State, 505 So.2d 413, (Fla.1987) and State v. Herrin, 555 So.2d 1288 (Fla. 2d DCA 1990).
*128 3. Defendant, if not already dependent, is a person who, by reason of repeated use, is in imminent danger of becoming dependent upon controlled substances. See F.S. 897.021(2) (Wests 1989).
4. The evidence shows that Defendant is not a threat to society but in fact desires treatment and rehabilitation for this addiction. See State v. Sacks, 526 So.2d [48] (Fla.1988).
5. The record reflects that while Defendant has lived in Fort Lauderdale all his life, on the night in question he was in such an intoxicated state that he did not fully realize that he was near a school. Indeed the arrest occurred at 6:40 P.M., after school hours. There was no evidence that Defendant knew he was within 1,000 feet of a school nor is there any evidence of school activities taking place or school children in the area. The Court feels that the particular circumstances of this case ameliorate the level of Defendant’s guilt and indicate less moral culpability. See Sate [State] v. Regan, 15 FLW 1928 [1938, 564 So.2d 1208] (Fla. 2d DCA 1990).
6. The Court further finds it is the policy of this State “to provide meaningful alternatives to criminal imprisonment for individuals capable of rehabilitation as useful citizens through techniques and programs” not available in the prison systems. F.S. 397.10 (West 1989). The legislature encourages trial judges to use their discretion in sentencing persons charged with a violation of Chapter 893 where there is evidence that the person charged is a drug abuser and is capable and desires rehabilitation. See State v. Edward, [Edwards], 456 So.2d 575 (Fla. 2d DCA 1984) and F.S. 397.12 (Wests 1989). The evidence is (sic) this case indicates that the Defendant purchased one (1) “rock” of cocaine which was for personal use and not intended for resale or distribution. It has also been shown that Defendant is amenable and capable of meaningful rehabilitation back to society.
7. This Court feels strongly that F.S. 397.12 provides a meaningful alternative to prison in this particular case. Defendant is a First offender who scores three and one half (3½) to four and one half (4 ½) years under the guidelines with a minimum period of incarceration of three (3) calendar years with no gain time. Oddly enough, it is a legal reality that Defendant would actually serve three (3) years behind prison bars while traffickers in cocaine do less time on a three (3) year minimum mandatory case (approximately ten months).
8.The Defendant has spent seven (7) months in jail and has lost his hob (sic) and his apartment. This Courts (sic) decision to depart will give the Defendant an opportunity to become a meaningful and productive member of society — drug free. F.S. 397.12 (Wests 1989).
It is therefore ORDERED that Defendant be referred to a licensed Department of Health and Rehabilitative Services drug treatment program pursuant to Florida Statutes Section 397.12 (Wests 1989). The Defendant shall be placed on probation to supervise his compliance with his treatment plan.'