ANSTEAD, Judge,
specially concurring.
Except for controlling precedent, with which I respectfully disagree, I would approve the well-reasoned order of the trial court which provides:
ORDER OF DEPARTURE
THIS CAUSE having come before this Court on Defendant’s Motion to Depart Downward From Presumptive Guideline Sentence and to Avoid The Minimum Mandatory Sentence and Sentence Defendant Alternatively Pursuant to F.S. 397.12, and the Court having heard testimony on the matter, reviewed the file, heard arguments of counsel, reviewed the law, and being otherwise duly advised, it is
ORDERED that said motion is hereby GRANTED. The reasons for granting such relief are as follows:
1. The record shows Defendant is a twenty four (24) year old female who purchased three (3) “rocks” of crack cocaine for personal use on February 10, 1990. This cocaine was purchased from an undercover Broward Sheriffs Office Deputy posing as a street level drug dealer who purposely positioned himself within 1,000 feet of Olsen Middle School. The actual transaction occurred within a private home. Further, the Court notes that said deputy was selling crack which was manufactured from cocaine in the Broward Sheriffs Office crime laboratory.
2. Evidence shows Defendant suffers from substance abuse addictions and was under the influence of alcohol at the time of her arrest. The Court finds Defendant did not have full control over her faculties and was impaired to the extent her judgement was severely compromised. See Barbera v. State, 505 So.2d 413 (Fla.1987), and State v. Herrin, 555 So.2d 1288 (Fla. 2d DCA 1990).
4. The record reflects that while Defendant has lived in Broward County almost all her life, on the night in question she was in such an intoxicated state that she did not fully realize that she was near a school. Indeed the arrest occurred at 2:00 a.m., after school hours. There was no evidence that Defendant knew she was within 1,000 feet of a school nor is there any evidence of school activities taking place or school children in the area. The Court feels that the particular circumstances of this case ameliorate the level of Defendant’s guilt and indicate less moral culpability. See, State v. Regan, 564 So.2d 1208 (Fla. 2d DCA 1990).
5. The Court further finds it is the policy of this State “to provide meaningful alternatives to criminal imprisonment for individuals capable of rehabilitation as useful citizens through techniques and programs” not available in the prison systems. F.S. 397.10 (West 1989). The legislature encourages trial judges to use their discretion in sentencing persons charged with a violation of Chapter 893 where there is evidence that the person charged is a drug abuser and is capable and desires rehabilitation. See State v. Edwards, 456 So.2d 575 (Fla. 2d DCA 1984), and F.S. 397.12 (West 1989). The evidence in this case indicates that the Defendant purchased three (3) “rocks” of cocaine which was for personal use and not intended for resale or distribution. It has also been shown that Defendant is amenable and capable of meaningful rehabilitation back to society.
*1155 6. This Court feels strongly that F.S. 397.12 provides a meaningful alternative to prison in this particular case. The Defendant scores three and one half (3½) to four and one half (4¾⅛) years under the guidelines with a minimum period of incarceration of three (3) calendar years with no gain time. Oddly enough, it is a legal reality that Defendant would actually serve three (3) years behind prison bars while traffickers in cocaine do less time on a three (3) year minimum mandatory case (approximately ten months).
7. The Defendant has spent the past seven (7) months in a drug and alcohol rehabilitation. This Court’s decision to depart will give the Defendant an opportunity to continue that therapy and become a meaningful and productive member of society — drug free. F.S. 397.12 (West 1989).
It is there ORDERED that Defendant be sentenced as follows: On Case 89-017900CF10-A, the Defendant’s probation is terminated. The Defendant is sentenced to three (3) years in Florida State Prison, said sentence to be stayed and suspended. In lieu thereof, the Defendant is sentenced to (2) years community control with the following special conditions: (1) fifty (50) weekends in the Broward County Jail. The first weekend to commence on October 5, 1990. Defendant shall report to the Broward County Jail at 5:00 p.m. on October 5, 1990, and shall be released on October 7, 1990 at 5:00 p.m. The Defendant shall report on each consecutive weekend thereafter in this manner until said sentence is completed. The Defendant shall enter and complete a state licensed residential alcohol and drug rehabilitative program. Additionally, The Defendant shall consume no controlled substances nor shall she consume any alcoholic beverage including wine or beer. The Defendant shall perform eight (8) hours of community service per week while on community control.
On Case 90-3160CF10-A, purchasing cocaine within 1,000 feet of a school, the Defendant is sentenced to two (2) years community control to run consecutively to the term of community control in case 89-017900CF10-A. The following special conditions apply to the period of community control in this case: (1) The Defendant shall consume no controlled substances nor shall she consume any alcoholic beverage including wine or beer: and (2) the Defendant shall perform eight (8) hours of community service per week while on community control.