522 So.2d 464 (1988)
STATE of Florida, Appellant,
v.
Alfredo MORALES, Appellee.
No. 87-0960.
District Court of Appeal of Florida, Fourth District.
March 16, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Marilyn Eisler, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, age 19, was found guilty of burglary, grand theft, and resisting arrest without violence. The recommended guideline sentence was two and one-half to three and one-half years' imprisonment; however, the trial judge departed downward and sentenced appellant to one year in the county jail, stating as his grounds for departure the "age of this defendant shows some reasonable chance for rehabilitation." The state contends that the reason stated is improper because it is not supported by the record.
*465 At the sentencing hearing, the trial judge reviewed appellant's juvenile record, which was not exactly exemplary, and concluded that his conduct for the immediate past year and one-half was quite promising from a rehabilitation standpoint. Furthermore, the presentence investigation report furnished to the court supported such a determination and recommended a more substantial downward departure than the trial judge imposed. Thus, the court concluded that appellant's chance of rehabilitating himself was enhanced by incarceration in the county jail rather than in the state prison system.
Given the fact that a trial judge has the authority to depart downward as well as upward from the guidelines presumptive sentence for clear and convincing reasons, such as the age of the defendant,[1] we believe the record herein does support the trial judge's conclusion.
Accordingly, the sentence appealed from is affirmed.
HERSEY, C.J., and WALDEN, J., concur.
NOTES
[1] State v. Weston, 510 So.2d 1001, 1003 n. 3 (Fla. 3d DCA 1987); State v. D'Alexander, 496 So.2d 1007 (Fla. 2d DCA 1986); State v. Rodriguez, 496 So.2d 240 (Fla. 3d DCA 1986); State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986).