PER CURIAM.
As seems to be the case these days in almost every criminal appeal, we have a sentencing guidelines departure assigned as error.
At the preliminary hearing the trial judge announced that he was giving appellant a sentence of four years; two years in the Department of Corrections and two years on probation with special stated conditions. Thereafter, when reduced to writing, the sentence was for two years’ imprisonment to be followed by two years’ probation with special conditions. Appellant contends the trial court erred in that the written sentence entered did not conform to the oral sentence announced at the sentencing hearing. Be that as it may, the state has cross appealed because the sentence imposed departed downward from the guidelines recommended sentence in that the in-carcerative portion of the split sentence was less than that provided in the guidelines, without providing written grounds therefor, in violation of Florida Rules of Criminal Procedure 3.701(d)(ll) and (12), and State v. Jackson, 478 So.2d 1054 (Fla.1985).
Unquestionably the cross appeal demonstrates error. While on remand the trial court will be able to rectify any disparity between his oral pronouncement and written sentence and he can rectify the oversight that was made in stating that appellant pled guilty instead of the true fact that he was found guilty by a jury. Furthermore, it is suggested that, if the court decides to continue the public service requirement, it should be made clear that it is a condition of probation in conformity with section 948.031, Florida Statutes, and State v. Muoio, 438 So.2d 160 (Fla.2d DCA 1983).
Accordingly, the sentence imposed is reversed and the case is remanded to the trial court with directions to make the appropriate changes in the sentence to conform with the law indicated herein.
DOWNEY, GUNTHER and STONE, JJ., concur.