530 So.2d 1081 (1988)
The STATE of Florida, Appellant,
v.
Joel E. RILEY, Appellee.
No. 87-1609.
District Court of Appeal of Florida, Third District.
September 13, 1988.
*1082 Robert A. Butterworth, Atty. Gen., and Michele L. Crawford and Stephen Scott, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and BASKIN, J., and JOSEPH P. McNULTY, Associate Judge.
PER CURIAM.
The state appeals from a downward departure from sentencing guidelines.
Appellee was convicted of attempted murder in the first degree, robbery and burglary of a conveyance. His guidelines sentence scoresheet computed out to twelve to seventeen years. The trial court departed downward, however, imposing concurrent sentences of seven years for each offense. The trial court cited two reasons for the departure: the defendant's youth (three days short of twenty-one at the time of the offenses) and his lack of a prior felony record. Neither reason is sustainable.
Assuming age twenty-one to qualify as "youthfulness" which may, under certain circumstances, justify a downward departure from sentencing guidelines, such youthfulness of itself is an invalid reason for downward departure absent additional factors such as lack of ordinary intelligence or marked emotional immaturity. Cf. State v. Myers, 515 So.2d 333 (Fla. 3d DCA 1987).
Concerning the second reason, i.e., defendant's lack of a prior felony record, appellee concedes that lack of a criminal record of itself is not a valid reason for downward departure. See Sanders v. State, 510 So.2d 296 (Fla. 1987). But he urges that when considering such reason in the light of the first reason (coupled further with the fact that the trial court had stated at sentencing that "the incident appears to be an aberration in the life of this young man", thus implying, it is suggested, a significant degree of emotional immaturity) the two reasons together mutually and reciprocally support each other as valid reasons. We disagree. Clearly, no matter how you cut it, the second reason is simply and impermissibly an oblique reliance on the absence of a prior criminal record, already factored into the guidelines scoresheet. It adds nothing to the first reason, nor does the first add to the second.
The sentences appealed from are therefore vacated and set aside and the cause remanded for appropriate sentences within the guidelines.