PER CURIAM.
The state appeals from the trial court’s departure downward from the sentencing’ guidelines.
Defendant pleaded guilty to five counts of sale and three counts of possession of cocaine. His scoresheet was tabulated for a total of 115 points, which called for a guidelines sentence of from two and one-half to three and one-half years. The trial judge deviated from the guidelines downward and imposed upon defendant one year of community control with county jail time (and recommended work release) as a condition. Two reasons were given for the departure: (1) the small amount of cocaine involved in this case, and (2) defendant’s successful completion of his prior probation coupled with the fact that he had never been incarcerated. Neither ground is permissible.
A small amount of drugs involved as a ground for downward departure was rejected in State v. Koopman, 519 So.2d 613 (Fla.1988). Cf Atwaters v. State, 519 So. 2d 611 (Fla.1988) (rejecting quantity of drugs as reason for upward departure). The first reason thus falls.
Prior criminal history, including a prior probationary period whether satisfactorily performed or not, undeniably must be factored into the guidelines score.[1] It follows that if a prior term of probation must be counted in guidelines scoring, it would be incongruous thereafter to subtract it by the mere device of a downward departure for having satisfactorily completed it. Cf. State v. Holcomb, 481 So.2d 1263 (Fla. 3d DCA 1986). The second reason falls.
The sentence imposed herein must therefore be vacated and set aside and the cause is remanded for the appropriate imposition of a sentence within the recommended guidelines of two and one-half to three and one-half years.

. A sentence to probation must be predicated on a prior determination of guilt, and thus falls within the definition of "conviction” within the purview of Fla.R.Crim.P. 3.701(d)(2).