546 So.2d 1112 (1989)
STATE of Florida, Appellant,
v.
Vincent T. BRYANT, Appellee.
No. 88-02891.
District Court of Appeal of Florida, Second District.
June 30, 1989.
*1113 Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellee.
PER CURIAM.
The state appeals from a sentence which was less than that recommended under the sentencing guidelines. We reverse.
Vincent Bryant, a state prisoner, was convicted of battery upon a law enforcement officer, a third degree felony. § 784.07, Fla. Stat. (1987). The guidelines called for a sentence within the 9 to 12-year range, which is substantially in excess of the statutory maximum. See § 775.082(3)(d), Fla. Stat. (1987). The trial court departed downward and imposed a sentence of two years.
The following reasons were furnished to support the downward departure: (1) Bryant's "strong family support", as evidenced by the presence of family members throughout the proceedings, "suggesting a better opportunity for rehabilitation"; (2) Bryant's age and drug problems "at the time his original record was compiled," i.e., at the time of the offense for which Bryant was serving prison time when the present offense occurred; (3) The desirability of providing "a disposition closer to parity with an `uncharged participant' who would have been a codefendant, if arrested." We agree with the state that none of these reasons is valid.
The support of family and friends, standing alone, will not support a downward departure. State v. Daughtry, 505 So.2d 537 (Fla. 4th DCA), rev. dism., 511 So.2d 999 (Fla. 1987). The defendant's youthfulness is not a proper basis for departure unless additional factors, such as marked emotional immaturity, are also present. State v. Riley, 530 So.2d 1081 (Fla. 3d DCA 1988). Bryant's age at the time of the prior offense is irrelevant, particularly given the fact he had been incarcerated for over six years when the present charges were brought. Similarly, while Bryant may have had a drug problem at some point in the past, there is no indication in the record before us that the problem continued beyond that point. At most there is evidence that Bryant and a fellow prisoner may have been in possession of a marijuana cigarette. This does not equate to substance abuse severe enough to warrant mitigation of sentence. See, e.g., State v. Francis, 524 So.2d 1172 (Fla. 4th DCA 1988). Finally, the record does not support a finding that another individual participated in the offense. Another inmate was "in some way involved" only to the extent the battery occurred during a correctional officer's attempt to investigate the possible use of marijuana by Bryant and that inmate. Thus, even if "parity" were otherwise a valid consideration, it is immaterial in the present case.
The departure sentence is reversed and this case is remanded with directions to resentence Bryant to the statutory maximum. State v. Martin, 502 So.2d 1371 (Fla. 2d DCA 1987).
CAMPBELL, C.J., and SCHEB and THREADGILL, JJ., concur.