546 So.2d 809 (1989)
STATE of Florida, Appellant,
v.
Ira WILLIAMS, Appellee.
No. 88-2641.
District Court of Appeal of Florida, Fourth District.
August 2, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michael J. Hellman, Asst. Atty. Gen., West Palm Beach, for appellant.
*810 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellee.

ON REHEARING
PER CURIAM.
We grant the petition for clarification to correct the scrivener's error in the last paragraph and substitute the corrected following opinion for the original. In all other respects we deny the petition.
The issue involved in this appeal is whether the permissive ranges under Florida Sentencing Guidelines, effective July 1, 1988, can be applied to an offense prior to the effective date of the amendment.
In sentencing the minor appellee in this case, the trial court entered an order finding appellee to be suitable for adult sanctions. The sentencing guidelines recommended range was from twelve to seventeen years of incarceration. However, although the crime upon which sentence was being passed was committed prior to July 1, 1988, the trial court utilized the permitted range provided in the 1988 amendment and sentenced appellee to nine years of incarceration with a three year mandatory minimum. This amounted to a downward departure of one cell under the old guidelines without the trial court giving written reasons for the departure. The state objected to the sentence, claiming that the trial court had to use the guideline in effect at the time of the commission of the offense. Therefore, if the trial court elected a downward departure of the sentence, the court had to provide clear and convincing written reasons for the departure.
The state claims that sentencing the defendant under the guidelines in effect at the time of sentencing is a violation of the ex post facto doctrine and is thus prohibited in this case. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). In Miller, as in Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), the Supreme Court used a two part test to determine whether a criminal law violates the constitutional prohibition against ex post facto laws. First, the law must be retrospective, that is, it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it. However, it was made clear in Weaver that the inquiry looks to the challenged provision and not to any special circumstances that may mitigate its effect on the particular individual. See also Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).
Applying those two criteria to the July 1, 1988, sentencing guidelines, it is apparent that if the 1988 guidelines were applied to appellee's offense, it would be a retrospective application. See State v. McGriff, 537 So.2d 107 (Fla. 1989). As to the second prong, although the application of the 1988 amendment in this case works to the advantage of the appellee, according to Weaver that is not the criterion by which the challenged provision must be judged. Although there may be an advantage to some defendants waiting to be sentenced, other defendants will be disadvantaged because under the 1988 amendment the trial court can sentence one cell over what the sentencing guidelines allowed prior to the amendment without giving any written reasons for departure and without the right of appellate review. This is a substantial disadvantage which can make more onerous the punishment for crimes committed before its enactment. Therefore, application of the 1988 amendment to crimes committed prior to its enactment violates the constitutional prohibition against ex post facto laws.
Based upon the foregoing, we are compelled to reverse the sentence imposed by the trial court and remand for resentencing in compliance with the sentencing guidelines in effect on the date of the offense. In the instant case, a downward departure will require supporting written reasons. See State v. Morales, 522 So.2d 464 (Fla. 4th DCA 1988).
REVERSED AND REMANDED.
LETTS, GLICKSTEIN and WARNER, JJ., concur.