549 So.2d 226 (1989)
The STATE of Florida, Appellant,
v.
Marvin Theotis ASHLEY, Appellee.
No. 88-733.
District Court of Appeal of Florida, Third District.
September 26, 1989.
Robert A. Butterworth, Atty. Gen. and Fariba N. Komeily, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Henry H. Harnage, Asst. Public Defender, for appellee.
Before BASKIN, FERGUSON and LEVY, JJ.
PER CURIAM.
Pursuant to his submission of a plea of no contest, appellant Ashley was convicted of cocaine possession. The trial court departed downward from the guidelines recommendation of three years and sentenced Ashley to serve 90 days incarceration. The trial court stated as its reasons for departure Ashley's youth, his lack of prior drug convictions, and the small amount of cocaine purchased. The state appeals the downward departure. We reverse because no reason enunciated for departure is valid.
The defendant's age is not a valid reason for departure unless additional factors, such as emotional immaturity or lack of intelligence, are present. State v. Bryant, 546 So.2d 1112 (Fla. 2d DCA 1989); State v. Riley, 530 So.2d 1081 (Fla. 3d DCA 1988); but see State v. Davis, 538 So.2d 537 (Fla. 2d DCA 1989). There is no evidence that Ashley possesses less intelligence or emotional maturity than any other twenty-nine year old individual.
The trial court's second reason, the quantity of drugs in the defendant's possession at the time of the offense, is also an invalid reason to depart. State v. Welker, 536 So.2d 1017 (Fla. 1988); State v. Koopman, 519 So.2d 613 (Fla. 1988); Atwaters v. State, 519 So.2d 611 (Fla. 1988); State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988); State v. Robinson, 530 So.2d 1082 (Fla. 3d DCA 1988); State v. McCluster, 525 So.2d 434 (Fla. 3d DCA 1988).
*227 The third reason, lack of prior drug convictions, is another insufficient basis for downward departure. See Sanders v. State, 510 So.2d 296 (Fla. 1987); Riley. We note that Ashley had several prior convictions, although they apparently were not drug related.
Finally, Ashley urges that the state waived its right to appeal by failing to object to the departure at the time of sentencing. A contemporaneous objection is necessary to preserve for appeal only those sentencing errors which "do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines." State v. Whitfield, 487 So.2d 1045, 1046 (Fla. 1986); see Forehand v. State, 537 So.2d 103, 105 (Fla. 1989). Thus, the state's failure to object is of no consequence.
Accordingly, we vacate Ashley's sentence and remand to the trial court with directions to afford Ashley an opportunity to withdraw his plea. If appellant elects resentencing, the court should impose a sentence within the guidelines.
Reversed and remanded.
BASKIN and LEVY, JJ., concur.
FERGUSON, Judge (dissenting).
The first stated ground for departure  the defendant's youth  could be a valid statutory basis for a departure from the sentencing guidelines. State v. Davis, 538 So.2d 537 (Fla. 2d DCA 1989) (youthful age of defendant is a valid reason for departure); State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986) (youth of defendant in a given case may constitute a clear and convincing reason for downward departure). As the majority notes, this district has recognized lack of maturity as a valid ground for departure. See State v. Myers, 515 So.2d 333 (Fla. 3d DCA 1987). Whether there was an observable basis for the trial court's finding in this particular case, where a stated ground for departure was not the defendant's age but his youth, presents a question of fact which, ordinarily, would not reflect in the record. The existence of that factual question is precisely the reason why there should have been a contemporaneous objection. State v. Whitfield, 487 So.2d 1045, 1046 n. 2 (Fla. 1986). Having failed to signal the trial court of the alleged sentencing error, the State is not entitled to appellate review of the point. Castor v. State, 365 So.2d 701 (Fla. 1978). This is not a case where each of the stated grounds for departure are, per se, unauthorized.
I would affirm.