554 So.2d 651 (1989)
STATE of Florida, Appellant/Cross Appellee,
v.
Rodney WHIDDON, Appellee/Cross-Appellant.
No. 89-1374.
District Court of Appeal of Florida, First District.
December 29, 1989.
*652 Robert A. Butterworth, Atty. Gen., and A.E. Pooser, IV, Asst. Atty. Gen., for appellant/cross-appellee.
Conrad C. Bishop, Jr., Perry, for appellee/cross-appellant.
ERVIN, Judge.
The State of Florida appeals from an order of the trial court granting Rodney Whiddon's motion for reduction of sentence, and from the resulting revised sentence, and Whiddon cross appeals the trial court's denial of his motion for post-conviction relief. We affirm in part and remand for correction of a clerical error.
While being booked at the police station for DUI, appellee/cross-appellant Whiddon resisted arrest with such violence that one of the officers on duty was seriously injured. Whiddon was charged and convicted of resisting arrest with violence, aggravated battery, and two counts of battery on a law enforcement officer. He was sentenced to concurrent sentences of two-and-one-half years' imprisonment on each count, which was within the recommended sentencing guidelines range of two-and-one-half to three-and-one-half years. Whiddon's sentences were affirmed by this court on appeal. Whiddon v. State, 539 So.2d 586 (Fla. 1st DCA 1989).
On April 3, 1989, Whiddon, pursuant to Florida Rule of Criminal Procedure 3.800(b), filed a motion for reduction of sentence. During the hearing on the motion, the trial judge observed that the sentencing guidelines had been amended while Whiddon's original conviction was pending on appeal, so that by the time his 3.800 motion was filed, the permitted range for Whiddon's offenses was either community control or between one year and four-and-one-half years' imprisonment.[1] The court concluded that Whiddon could elect to subject himself to the amended guidelines. Therefore, it granted Whiddon's motion and resentenced him under the amended guidelines to two years' community control for the aggravated battery offense and to concurrent terms of four years' probation on the remaining three counts, such probationary terms to run consecutively to the community control sentence. The court stated that if its decision to apply the amended guidelines was reversed on appeal, the court would nevertheless depart downward based upon the fact that Whiddon was only twenty years of age at the time he committed the offenses.
The state appeals the trial court's imposition of community control, arguing that retrospective application of the amended sentencing guidelines, which became effective July 1, 1988, to Whiddon's crimes, committed on February 7, 1987, violates the prohibition against ex post facto laws. See Art. I, § 10, Fla. Const. We reject the state's argument on two different bases. First, we conclude that the state has no standing to raise this issue, in that it is not an offender which is adversely affected by retroactive application of the law. As stated in Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 23 (1981): "[T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." (Emphasis added, footnotes omitted.) Consequently, it is our opinion that the state has no standing to pursue an ex post facto challenge. Accord Roberson v. State, 553 So.2d 376 (Fla. 1st DCA 1989). But see State v. Williams, 546 So.2d 809 (Fla. 4th DCA 1989) (court approved state's ex post facto argument, without addressing issue of standing).
Second, the application of the amended guidelines to Whiddon's offenses, which occurred before the revised guidelines' effective date, did not result in the imposition of a punishment more severe than the punishment assigned to the offense when the act occurred. Those laws falling within the constitutional prohibition *653 against the passage of ex post facto laws are as follows:
"1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender."
Miller v. Florida, 482 U.S. 423, 429, 107 S.Ct. 2446, 2450, 96 L.Ed.2d 351, 359 (1987) (quoting Calder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648, 650 (1798)) (emphasis added). Applying a law that inflicts a lesser punishment does not fall within the above definition.
We observe, however, that Article X, Section 9, of the Florida Constitution provides that "[r]epeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed." Thus, if the issue were properly before us, it could be said that it was impermissible for the trial court to apply the amended guidelines to appellant's previously committed offense, regardless of whether the application was adverse or beneficial to the offender. If such application was adverse, it would violate the ex post facto provision of Article I, Section 10, and if it was ameliorative, it would violate Article X, Section 9.[2] Unlike the state's ex post facto challenge, we find nothing that prevents the state from raising an Article X, Section 9, challenge on appeal.[3] However, the applicability of Article X, Section 9, was neither brought to the attention of the trial court nor raised on appeal. Hence the state has waived its right to urge its provision to the case at bar.
We conclude that Whiddon's sentence may be affirmed as a valid downward departure. Although the Second, Third, and Fifth Districts have each found that youthful age of the offender, without consideration of any other factors, is not a clear and convincing reason in itself to justify downward departure,[4] the Fourth District in State v. Morales, 522 So.2d 464 (Fla. 4th DCA 1988), held that a defendant's young age was a clear and convincing reason justifying departure under the circumstances presented. Specifically, the defendant was nineteen years old, and while his juvenile record was hardly exemplary, his conduct for the preceding year and one-half was "quite promising from a rehabilitation standpoint." Id. at 465. Thus, the court concluded that a downward departure was justified, because the defendant had shown "`some reasonable chance for rehabilitation.'" Id. at 464.
In the case at bar, the state, the party appealing this issue, did not provide this court with the entire record of the proceedings below in support of its argument that the lower court considered no factor other than the defendant's age in downwardly departing from the recommended range. We do note that under the "prior record" category on Whiddon's scoresheet, the only notation is for one misdemeanor, with no indication of when Whiddon committed such offense. We therefore conclude that the portion of the record of the proceedings that the state has included on appeal provides support for the trial court's departure reason in that it shows some reasonable chance for the defendant's rehabilitation. Therefore, we affirm the sentence imposed.
The state also raises a clerical error in the judgment and sentence imposed. In *654 the judgment, Counts III and IV, battery on a law enforcement officer, pursuant to Sections 784.03 and 784.07, Florida Statutes (1987), are listed as first-degree misdemeanors when, in fact, they are third-degree felonies. (The sentencing scoresheet correctly scores these offenses as felonies.) We remand this case to the trial court for the purpose of correcting this apparent clerical error in the written judgment. Melton v. State, 546 So.2d 444 (Fla. 1st DCA 1989).
The remaining issues raised by both the state and by Whiddon are without merit, and we affirm as to them.
AFFIRMED in part and REMANDED for correction of judgment.
WILLIS, BEN C., Associate Judge, concurs.
NIMMONS, J., concurs in part and dissents in part with written opinion.
NIMMONS, Judge, concurs in part and dissents in part.
I would reverse the downward departure because the sole reason given therefor, "the youthful age of the defendant" (age 20 at the time of the offense) is not a proper reason for downward departure. See cases cited at footnote 4 of Judge Ervin's opinion.
Otherwise, I agree with Judge Ervin's opinion.
NOTES
[1] Under the former guidelines, a sentence of community control would have constituted a downward departure of one cell.
[2] See Castle v. State, 305 So.2d 794, 796-97 (Fla. 4th DCA 1974), cert. denied, 317 So.2d 766 (Fla. 1975), aff'd, 330 So.2d 10 (Fla. 1976) (Article X, Section 9, precluded court from imposing lesser penalty under statute that was amended after the offense was committed but before trial).
[3] Florida Rule of Appellate Procedure 9.140(c)(1)(I) permits the state to appeal an illegal sentence.
[4] See State v. Ashley, 549 So.2d 226, 226 (Fla. 3d DCA 1989); State v. Bryant, 546 So.2d 1112, 1113 (Fla. 2d DCA 1989); State v. Davis, 537 So.2d 192, 193 (Fla. 2d DCA 1989); State v. Riley, 530 So.2d 1081, 1082 (Fla. 3d DCA 1988); State v. Collins, 482 So.2d 388, 389 (Fla. 5th DCA 1985).