571 So.2d 22 (1990)
STATE of Florida, Appellant,
v.
Mychel Marie COOK, Appellee.
No. 89-01868.
District Court of Appeal of Florida, Second District.
July 13, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Keven Briggs, Asst. Public Defender, Bartow, for appellee.
HALL, Judge.
The state appeals from the downward departure sentence imposed upon Mychel Marie Cook for four counts of uttering a forged instrument and one count of grand theft. It argues that the trial court failed to provide written reasons for departure. We reverse and remand for resentencing.
The appellee's guidelines score fell into the range calling for 27 to 40 years' incarceration in state prison because of the appellee's extensive prior record. At sentencing, the trial court stated that it was willing to adopt the "alternative sentencing plan" proposed by the defense, and sentenced the appellee to five concurrent terms of five years' probation; however, it failed to state any reasons or enter written reasons in the record for the downward departure.
The supreme court in Pope v. State, 561 So.2d 554 (Fla. 1990), stated that when a trial court fails to provide written reasons for departure, it may not again depart from the guidelines on remand, but must resentence the defendant within the guidelines if the guidelines score is a legal sentence. Further, in Branam v. State, 554 So.2d 512 (Fla. 1990), the supreme court held that when there are multiple offenses pending before the court having statutory maximum sentences which total less than the sentence called for by the guidelines, the trial court must impose consecutive terms of the maximum legal sentence to bring the total sentence as close as possible to the recommended guidelines range.
Therefore, under Pope and Branam, this court is compelled to reverse the appellant's sentence and remand for resentencing to consecutive terms of five years, the statutory maximum, for each of the offenses to reach as nearly as possible the *23 27-40 year range recommended by the guidelines.
SCHEB, A.C.J., and RYDER, J., concur.