PER CURIAM.
Appellant/cross appellee George Mons-our was convicted of four counts of grand theft, five counts of dealing in stolen property, and one count of making a false statement in automobile documents. The state cross appeals the downward departure of sentence imposed under the 1988 amendment to the Florida Sentencing Guidelines for offenses which occurred prior the enactment of the amendment.
We find no merit to Monsour’s argument that the trial court failed to adequately instruct the jury as to his theory of defense or that the trial court committed fundamental error in directing the jury to use their “imaginations” during deliberations. Monsour’s convictions are, therefore, affirmed.
The state’s appeal of Monsour’s sentence, while also unavailing, nevertheless requires further discussion. Retrospective application of the amended sentencing guidelines in this instance is not, as the state urges, violative of the prohibition against ex post facto laws, see article I, section 10, Florida Constitution, or in direct conflict with our prior decision in State v. Williams, 546 So.2d 809 (Fla. 4th DCA), rev. denied, 553 So.2d 1168 (Fla.1989). Although in Williams we remanded for sentencing in compliance with the sentencing guidelines in effect at the date of the offense, we did not address the question of whether the state has standing “in that it is not an offender which is adversely affected by retroactive application of the law.” State v. Whiddon, 554 So.2d 651 (Fla. 1st DCA 1989). We join the first district and answer in the negative, holding that only a disadvantaged offender, and not the state, may complain of a violation of the ex post facto clause. Accord Rober *19 son v. State, 555 So.2d 976 (Fla. 1st DCA 1990).
Before leaving the area, we note it could be argued that even ameliorative retrospective application of the amended guidelines to Monsour’s previously committed offense would be in violation of article X, section 9 of the Florida Constitution which provides that “[rjepeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed.” Whiddon at 652. Such a holding would be in keeping with a “basic fairness” doctrine requiring that a person should be sentenced for a crime in accordance with the law as it existed on the date of the offense. As in Whiddon, however, the applicability of article X, section 9 was not raised either before the trial court or on appeal and is, therefore, waived.
The remaining issue raised by the state as to appellant’s sentence is without merit.
Accordingly, we affirm as to appellant’s judgments and sentence.
GLICKSTEIN and WALDEN, JJ., and OFTEDAL, RICHARD L., Associate Judge, concur.