PER CURIAM.
Pursuant to a plea agreement which was accepted by the trial judge, defendant pled guilty to sexual battery, false imprisonment and battery in exchange for a sentence of 4½ years’ imprisonment followed by 10 years’ probation. A different judge presided at sentencing. The sentencing judge disregarded the agreement and entered a sentence constituting a downward departure from the presumptive guidelines sentence. Defendant concedes that remand is required because the sentencing judge erred in imposing the downward departure without providing written reasons. See Fla.R.Crim.P. 3.701(d)(11); Ree v. State, 565 So.2d 1329 (Fla.1990); State v. Cook, 571 So.2d 22 (Fla. 2d DCA 1990). Moreover, regardless of the improper departure, the sentence must be reversed. If a trial court rejects a plea agreement, it must afford the state the option to go to trial on all counts originally filed against the defendant. State v. White, 554 So.2d 1231 (Fla. 5th DCA 1990); State v. White, 532 So.2d 1083 (Fla. 5th DCA 1988); State v. Leija, 520 So.2d 705 (Fla. 5th DCA 1988). The trial court failed to give the State that option in this case. Accordingly, we remand for entry of a sentence in accordance with the agreement or, in the alternative, for a trial on all counts if the trial court finds the plea agreement unacceptable.
*396 REVERSED and REMANDED for re-sentencing.
GOSHORN, HARRIS and DIAMANTIS, JJ., concur.