580 So.2d 201 (1991)
STATE of Florida, Appellant,
v.
Eugene BUCHANAN, etc., Appellee.
No. 90-1860.
District Court of Appeal of Florida, Fifth District.
April 25, 1991.
Rehearing Granted, Question Certified and Answered June 13, 1991.
*202 Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellee.
DIAMANTIS, Judge.
The state appeals from a guidelines departure sentence. We hold that the trial court erred in departing from the guidelines without issuing contemporaneous written reasons for the departure and we reverse.
Defendant was convicted of two offenses of dealing in stolen property in violation of section 812.019, Florida Statutes (1989). His recommended sentencing guideline range was 7-9 years incarceration. Defendant received a sentence consisting of concurrent terms of two years community control followed by five years probation. As part of defendant's sentence, the trial judge required defendant to serve 51 weeks in the county jail. The defendant's sentence constituted a downward departure from the recommended guidelines sentence.
Although the trial court orally stated its reason on the record for departing, we agree with the state that a sentencing transcript does not satisfy the requirement of contemporaneous written reasons. State v. Jackson, 478 So.2d 1054 (Fla. 1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987). In failing to provide contemporaneous written reasons for departing downward, the trial court erred. State v. McCulloch, 573 So.2d 395 (Fla. 5th DCA 1991); State v. Cook, 571 So.2d 22 (Fla. 2d DCA 1990). On remand, the trial court must resentence defendant within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990).
Accordingly, we reverse the departure sentence and remand for a guideline sentence.
REVERSED AND REMANDED.
COBB and W. SHARP, concur.

ON MOTION FOR REHEARING, REHEARING EN BANC, AND/OR FOR CERTIFICATION OF QUESTION OF GREAT PUBLIC IMPORTANCE
W. SHARP, Judge.
On motion for rehearing, Buchanan poses the following question as appropriate for certification to the Florida Supreme Court:[1]
IS A TRIAL COURT REQUIRED TO GIVE CONTEMPORANEOUS WRITTEN REASONS IN DEPARTING DOWNWARD FROM THE GUIDELINES, SINCE FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(b) ALLOWS A COURT IN SOME CRIMINAL CASES UPON RECEIPT OF A TIMELY MOTION TO REDUCE OR MODIFY A SENTENCE WITHOUT EXPRESSLY REQUIRING THE COURT TO GIVE CONTEMPORANEOUS WRITTEN REASONS?
The question posed is an interesting one. We grant Buchanan's motion for rehearing, to the extent that we certify the question and answer it in the affirmative.
The Florida appellate cases uniformly require that contemporaneous written reasons be given by trial courts for all criminal sentences imposed outside the applicable guidelines ranges whether the departure is upwards or downwards. State v. McCall, 573 So.2d 362 (Fla. 5th DCA 1990); State v. Freeland, 558 So.2d 204 (Fla. 5th DCA 1990); State v. Bradley, 541 So.2d 1261 (Fla. 3d DCA 1989); State v. Jones, 525 So.2d 512 (Fla. 4th DCA 1988). The consequence of failing to give contemporaneous written reasons is that the sentencing court must resentence within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990). We so held in this case, which was an appeal by the state from a downward departure sentence.
We agree with Judge Downey in State v. Allen, 553 So.2d 176 (Fla. 4th DCA 1989) that rule 3.800(b) should not be construed as allowing a procedural "end-run" *203 around the written reason requirements of rule 3.701.d.11. Contemporaneous written reasons must be given, whether the departure is effected by the original sentence or by a motion for reduction pursuant to rule 3.800(b). See State v. Johns, 576 So.2d 1332 (Fla. 5th DCA 1991). But a reduction within the permitted range could be effected without written reasons. This interpretation gives force and application to both rules. It is also consistent with the requirement of rule 3.800 that a trial court may reduce a "legal sentence imposed by it" and the 1980 Amendment to the Committee Note, which specifies further that the modification may encompass "any sentence which could have been imposed initially... ." We acknowledge an apparent conflict with State v. Whiddon, 554 So.2d 651 (Fla. 1st DCA 1989) on the requirement for written reasons by a court which reduces a sentence pursuant to rule 3.800(b), although that issue was not addressed by the Whiddon court.
We adhere to our prior opinion in this case, and grant Buchanan's motion for rehearing only for the purpose of certifying the question posed at the commencement of this opinion.
Rehearing GRANTED; question CERTIFIED and ANSWERED.
COBB and DIAMANTIS, JJ., concur.
NOTES
[1] Fla.R.App.P. 9.030(a)(2)(v), 9.330 and 9.331.