COWART, Judge.
The State appeals a downward departure sentence imposed as a resentencing. The defendant was convicted in each of two cases[1] of dealing in stolen property (§ 812.-019, Fla.Stat.); a downward departure sentence was entered, appealed, reversed and remanded for a guidelines sentence. See State v. Buchanan, 580 So.2d 201 (Fla. 5th DCA 1991). On motion for rehearing in that case we (1) stated that a downward departure under the sentencing guidelines must be accompanied by written reasons notwithstanding that Florida Rule of Criminal Procedure 3.800(b) permits a downward modification without requiring a written reason, and (2) certified the question, see 580 So.2d at 202. The supreme court agreed, see Buchanan v. State, 592 So.2d 676 (Fla.1992).
At resentencing the trial court again entered a downward departure “conditional” “suspended” twelve year[2] sentence. The State again appeals and we again vacate the sentence. Based on Pope v. State, 561 So.2d 554 (Fla.1990), upon reversal of the original downward departure sentences because they were not then supported by written reasons, the trial court was required to impose guidelines sentences in compliance with this court’s mandate. Accordingly, the downward departure sentence in the two cases involving dealing in stolen property are vacated and the cause is remanded with directions that the trial court impose a sentence consistent with the sentencing guidelines relating to recommended and permitted sentences.
SENTENCES VACATED; CAUSE REMANDED FOR RESENTENCING.
COBB and W. SHARP, JJ., concur.

. The State also appeals a third sentence relating to possession of cocaine (Circuit Court Case Number 91-243) which we affirm.

. We also note that the "suspended” twelve year sentence conditioned upon successful completion of community control is not one of the sentencing alternatives listed in Poore v. State, 531 So.2d 161 (Fla.1988). See also Shieder v. State, 430 So.2d 537 (Fla. 5th DCA 1983); and section 921.187, Florida Statutes.