FLETCHER, Judge
(concurring).
Based on the controlling authority of Jones v. State, 639 So.2d 28 (Fla.1994) and State v. Sherrill, 678 So.2d 7 (Fla. 3d DCA 1996), I join the majority opinion. I write separately only to express my concern over the apparent inequity of result in this case involving an arguably proper downward departure from the sentencing guidelines[1] which is now no longer available to the defendant due only to the apparently “inadvertent error of an officer of the state, the trial judge.” State v. Pease, 669 So.2d 314, 314 (Fla. 1st DCA), rev. granted, 676 So.2d 1369 (Fla.1996)(Case no. 87671; no oral argument). Under the circumstances of this case, I would certify to the Supreme Court of Florida a modified version of the question certified by the First District in the Pease case:
WHEN A DOWNWARD DEPARTURE SENTENCE IS REVERSED SOLELY FOR FAILURE OF THE TRIAL COURT TO COMMIT VALID, ORAL REASONS SUPPORTING THE DEPARTURE TO WRITING, MAY THE TRIAL COURT, ON REMAND, AGAIN ENTER THE DOWNWARD DEPARTURE SENTENCE IF SUPPORTED BY VALID, CONTEMPORANEOUS WRITTEN REASONS, OR, ALTERNATIVELY, MAY A DOWNWARD DEPARTURE SENTENCE BE AFFIRMED WHERE THE TRIAL COURT ORALLY PRONOUNCED VALID REASONS FOR DEPARTURE AT THE TIME OF SENTENCING, BUT INADVERTENTLY FAILED TO ENTER CONTEMPORANEOUS WRITTEN REASONS?

. At the close of the sentencing hearing below, the trial judge orally expressed two reasons for the downward departure in this case. T. 5. While one reason appears to be invalid, see State v. Ashley, 549 So.2d 226 (Fla. 3d DCA 1989), the second reason: the circumstances of the crime upon which sentence was entered showing apparent lack of intent and culpability on the part of the defendant, appears to be a valid basis for downward departure. See State v. Sachs, 526 So.2d 48, 50 (Fla.1988). Had these reasons been reduced to writing, the downward departure would not be subject to reversal. § 921.001(6), Fla. Stat. (1995).